UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| SHELLY COOPER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:21-cv-34 |
| VIKING ACQUISITIONS LLC, | ) ) ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, SHELLY COOPER ("Plaintiff"), through her attorney, Agruss Law Firm, LLC, alleges the following against Defendant, VIKING ACQUISITIONS LLC ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392, et al. ("TDCA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k and 15 U.S.C. § 1693(m).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of El Paso, El Paso County, State of Texas.

8. Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

10. Defendant is a debt collector as that term is defined by the FDCPA and TDCA.

11. Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in the City of Niagara Falls, Niagara County, State of New York.

13. Defendant is a business entity engaged in the collection of debt within the State of Texas.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with Yamaha Powersports.

20. The alleged debt at issue arises from transactions for personal, family, and household purposes.

21. On or about December 10, 2020, Defendant placed a call to Plaintiff's brother, Tony Struck, on his telephone at xxx-xxx-6002, in an attempt to collect the alleged debt.

22. On or about December 10, 2020, Plaintiff's brother answered Defendant's call and spoke with one of Defendant's collectors.

23. During the conversation with Plaintiff's brother:

    a. Defendant's collector disclosed Plaintiff's alleged debt to Plaintiff's brother.

    b. Defendant's collector demanded for Plaintiff to call Defendant at 888-915-8016.

    c. Defendant's collector threatened to take legal action against Plaintiff.

24. Plaintiff's brother is not a co-signor on Plaintiff's alleged debt and does not now owe Plaintiff's alleged debt.

25. Defendant's collector is or should be familiar with the FDCPA and the TDCA.

26. Defendant's collector knew or should have known that the FDCPA and the TDCA prohibit a debt collector from stating that the consumer owes a debt when communicating with any person other than the consumer.

27. The telephone number 888-915-8016 belongs to Defendant.

28. On or about December 10, 2020, Plaintiff called Defendant at 888-915-8016 and spoke with one of Defendant's female collectors, Dana Walker.

29. During the conversation with Defendant's female collector:

    a. Defendant's female collector demanded immediate payment from Plaintiff.

    b. Defendant's female collector threatened to take legal action against Plaintiff.

    c. Defendant's female collector threatened to garnish Plaintiff's wages.

    d. Relying on Defendant's female collector's empty threats, Plaintiff made a payment to Defendant in the amount of $141.81.

30. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

31. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

32. Defendant acted with intent to annoy and harass Plaintiff.

33. To date, Defendant does not have judgment entered against Plaintiff.

34. To date, Defendant has not taken legal action Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-four (34) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

36. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692b(2) of the FDCPA by communicating with any person other than the consumer for the purpose of acquiring location information about the consumer and disclosing to such person that consumer owes a debt, when Defendant's collector disclosed Plaintiff's alleged debt to Plaintiff's brother;

    b. Defendant violated § 1692e(2) of the FDCPA by falsely representing the character, amount or legal status of any debt, when Defendant falsely represented that judgment is entered against Plaintiff when Defendant threatened to garnish

    Plaintiff's wages;

    c. Defendant violated § 1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the garnishment of wages of any person unless such action is lawful and the debt collector intends to take such action, when Defendant threatened to garnish Plaintiff's wages when Defendant cannot lawfully take such action;

    d. Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken, when Defendant veiled threats of legal action when Defendant did not intend to take such action;

    e. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant falsely represented that legal action was taken against Plaintiff; and

    f. Defendant violated § 1692(f) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, SHELLY COOPER, respectfully requests judgment be entered against Defendant, VIKING ACQUISITIONS LLC, for the following:

37. Actual damages of $141.81 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

38. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

39. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

40. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

41. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-four (34) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

42. Defendant violated the TDCA based on the following:

    a. Defendant violated Tex. Fin. Code § 392.304(8) by misrepresenting the character, extent, or amount of a consumer debt, when Defendant threatened to garnish Plaintiff's wages when Defendant cannot lawfully take such action; and

    b. Defendant violated Tex. Fin. Code § 392.304(19) by using any false representation or deceptive means to collect a debt or information concerning a consumer, when Defendant's collector disclosed Plaintiff's alleged debt to Plaintiff's brother and when Defendant veiled threats of legal action when Defendant did not intend to take such action.

WHEREFORE, Plaintiff, SHELLY COOPER, respectfully requests judgment be entered against Defendant, VIKING ACQUISITIONS LLC, for the following:

43. For actual damages in the amount of $141.81 provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

44. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

45. For attorneys' fees, costs and disbursements;

46. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

47. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

DATED:  February 18, 2021             RESPECTFULLY SUBMITTED,

By:_/s/ Michael S. Agruss
    Michael S. Agruss
    SBN: 6281600
    Agruss Law Firm, LLC
    4809 N. Ravenswood Ave., Suite 419
    Chicago, IL 60640
    Tel: 312-224-4695
    Fax: 312-253-4451
    michael@agrusslawfirm.com
    Attorney for Plaintiff